**Maxine TODD, Plaintiff–Appellant,**

v.

**AETNA HEALTH PLANS and Citibank, N.A., Defendants–Appellees.**

Docket No. 99–7974.

United States Court of Appeals, Second Circuit.

Feb. 21, 2002.

Maxine Todd, Rego Park, NY, pro se.

Michael H. Bernstein, Sedgwick, Detert, Moran & Arnold, New York, NY, for Appellees.

Present LEVAL, CALABRESI, Circuit

Judges, and SIDNEY H. STEIN,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-CREED that the judgment of the district court be and it hereby is AFFIRMED.

Maxine Todd, *pro se* and *in forma pauperis*, appeals from a judgment by the United States District Court for the Eastern District of New York (Gershon, *J.*) granting the appellees' motion for summary judgment and dismissing her complaint.

In this action, Todd sought, along with other relief, review of AETNA's denial of her claim for long-term disability benefits under the employee disability benefits plan issued by her employer, Citibank, and administered by AETNA, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. Beginning in May 1996, Todd claimed that she was unable to work due to hypertension, migraine headaches, and anxiety attacks. After AETNA conducted several reviews (at Todd's request) of its initial denial of benefits, AETNA concluded that denial was appropriate because Todd's condition did not amount to a disability. During the review process, Todd submitted medical reports noting that she suffered from depression.

Todd now claims that AETNA was "aware that four independent medical providers," including one of its choosing, had determined that she was "mentally and physically impaired and unable to work" due to disabling depression. AETNA answers that no medical documentation in the administrative record supported Todd's claim of mental disability. Additionally, it asserts that some of the medical reports that Todd included in her record on appeal are outside the administrative record, and thus, should not be considered by this Court.

At issue in this appeal is whether, in light of the references to anxiety attacks and depression in those medical reports that were included in the administrative record, AETNA acted arbitrarily and capriciously either by failing to ask for further documentation of Todd's depression or by failing to conduct an independent examination of her mental disability prior to denying her claim. Although we find AETNA's behavior highly questionable in light of the indications of Todd's mental disability, AETNA's denial was, both parties agree, an exercise of its discretionary authority as the plan administrator, pursuant to ERISA, § 1132(a)(1)(B), to determine eligibility for benefits. As a result, we are bound to review its decision under the highly deferential arbitrary and capricious standard. *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir.1995). We cannot say that its decision fell so far outside the range of its discretion as to constitute arbitrary and capricious decisionmaking that was "without reason, unsupported by substantial evidence or erroneous as a matter of law."[1] *Pagan*, 52 F.3d at 441.

---

1. We are not unaware of the tension between the aim of ERISA to safeguard employees such as Todd who allege the loss of earned retirement or disability benefits, and the frequent applicability of an arbitrary and capricious standard under ERISA. *Cf. Firestone Tire and Rubber Co.*, 489 U.S. at 115 (noting that a court applies a less stringent standard of review when "a benefit plan gives discretion to an administrator or fiduciary" and that administrator "is operating under a con-

Having reviewed all of plaintiff's remaining claims and finding them to be without merit, we AFFIRM the judgment of the district court granting summary judgment for defendants.

flict of interest" because "that conflict must be weighed as a factor in determining whether there is an abuse of discretion") (internal quotation marks omitted); *Zervos v. Verizon NY, Inc.*, 252 F.3d 163, 174 (2d Cir.2001). We are, however, constrained by the requirements of the statute.